INHABITANTS OF CAMBRIDGE, Appellants,
*vs.*
COUNTY COMMISSIONERS.

Piscataquis.    Opinion December 22, 1893.

*Way.  Appeal.  Notice.  Stat. 1891, c. 5.*

It is not a fatal objection to the validity of an appeal from the action of a joint board of the commissioners of several counties, in refusing the discontinuance of a highway through sections of such counties, that the commissioners of the county where the appeal was filed failed to notify the other commissioners of the fact, although under obligation to do so by chapter five of the laws of 1891; the requirement is directory merely.

AGREED STATEMENT.

*Henry Hudson and J. S. Williams*, for Cambridge.
*J. F. Sprague*, for County Commissioners.

SITTING: PETERS, C. J., LIBBEY, EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

PETERS, C. J.    A highway having been laid out through sections of Penobscot, Somerset and Piscataquis counties, a petition for the discontinuance of the same was presented and heard before a joint board of the commissioners of the three counties, and the petition was by them denied. Thereupon, an appeal was taken from their decision to the supreme judicial court, sitting in Piscataquis county, where the proceedings originated, by which court a committee was appointed, which reversed the action of the commissioners.

Acceptance of the report of the committee in favor of reversal is opposed for the alleged reason that the commissioners of Piscataquis county, did not inform the other commissioners of the fact of the appeal before the committee was appointed.    All persons and parties had due notice from the committee before any action on their part.    And the commissioners of none of the counties have taken any action in regard to the road since the appeal from their action was filed with the commissioners of Piscataquis county.

Chapter five of the laws of 1891, which act governs these proceedings, provides that an appeal of this kind may be filed with the commissioners of the county where the proceedings originated, and adds that, "the commissioners with whom such appeal is filed, shall immediately give notice of such appeal to the commissioners of all the other counties interested." We think this requirement of notice from commissioners to their associate commissioners, need be regarded as directory merely, especially in the circumstances of this case. The omission deprived the other counties of no right whatever, and only possibly prevented their presence in court to be heard on the question as to what persons should be appointed as the committee. No form of notice or manner of serving it is prescribed by the statute. It merely requires the execution of a duty which as certainly existed regardless of the statute. The principle affecting the present case was established in *Newbit* v. *Appleton*, 63 Maine, 491, where it was held that a notice to one overseer was a notice to him and his associates, because it was the duty of the one to communicate the notice to the others. Had the report of the committee in the present case been accepted without opposition, we think the facts would not have been sufficient to disturb the record upon *certiorari*, nor should they be regarded as of importance enough to prevent acceptance. At most, the error or omission is but a harmless irregularity.

*Report accepted.*